<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                                                  |   |                                      |
|--------------------------------------------------|---|--------------------------------------|
| EDWARD ALEXANDER McEWEN, IV,                     | : |                                      |
|                                                  | : | Civil Action No. 05-3635 (MLC)       |
| Plaintiff,                                       | : |                                      |
|                                                  | : |                                      |
| v.                                               | : | **MEMORANDUM OPINION**               |
|                                                  | : |                                      |
| MERCER COUNTY CORRECTIONAL                       | : |                                      |
| CENTER, et al.,                                  | : |                                      |
|                                                  | : |                                      |
| Defendants.                                      | : |                                      |

**APPEARANCES:**

Edward Alexander McEwen, IV, <u>Pro Se</u>
CRAF, #529097/SBI 854546B
P.O. Box 7450
Trenton, NJ 08628

**COOPER, District Judge**

Plaintiff, Edward Alexander McEwen, IV, incarcerated at the Central Reception and Assignment Facility, Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from the complaint and accepted as true for purposes of this review. Plaintiff states that on March 11, 1998, police searched an area, arrested him, and seized personal objects belonging to him without a proper warrant and without consent. He states that address books, personal items "from around the world," calling cards, bank cards, and a benefits card were seized.

Plaintiff names as defendants "ABC/Central," "Trenton Mercer Code III," the State of New Jersey, Detective Thomas Golete, and Detective Stephen Stukes. He asks the Court to grant him monetary relief and have the items returned.

## DISCUSSION

### A.   Section 1915 Review

The Prison Litigation Reform Act ("PLRA") acts "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. § 1915A(b), a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The Court, in determining the sufficiency of a complaint, must construe it liberally in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of constitutional rights. To establish a violation thereunder, a plaintiff must show that the challenged conduct was committed by a person acting under color of state law and the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

Plaintiff asserts no claims against defendants "ABC/Central" and "Trenton Mercer Code III."  He also asserts no claims against

3

defendant Golete (although he does mention a detective Gallagher within the complaint), or the State of New Jersey.  Thus, the complaint insofar as it lists these defendants will be dismissed.[1]

Plaintiff's claims against defendant Stukes (and, liberally construing the complaint, Gallagher) will be dismissed as time-barred.  Civil rights claims are (1) best characterized as personal injury actions, and (2) governed by the applicable state's statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

The statute of limitations began to run here on the date the defendants allegedly harmed Plaintiff by falsely arresting him and illegally searching him, i.e., March 11, 1998.  See Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (section 1983 cause of action accrues when plaintiff knew or should have known of injury upon which action is based); Montgomery, 159 F.3d

---

[1]  The Court also notes that the State of New Jersey is dismissable as immune from suit under the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Halderman, 465 U.S. at 100.

at 126 (false arrest claim accrues at time of arrest); Rolax v. Whitman, 175 F.Supp.2d 720, 727-29 (D.N.J. 2001) (fact that plaintiff was unreasonably searched was apparent to plaintiff at time of search, and statute of limitations began to accrue at time of arrest).

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by a defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, sua sponte dismissal prior to service of untimely claim is appropriate since such claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

5

The complaint alleges that the events surrounding his arrest, associated false imprisonment, and search and seizure took place in March of 1998.[2]  The complaint is signed and dated July 20, 2005, more than two years later.  Plaintiff alleges no facts that would suggest a basis for either statutory or equitable tolling.[3]  Accordingly, the Court will dismiss the

---

[2] The claims for false arrest, false imprisonment, and illegal search and seizure accrued on or about March 11, 1998.  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action."  Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (quoting Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[3] New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

claims against defendant Stukes (and, liberally construing the complaint, Gallagher) without prejudice.  Plaintiff may move to reopen the matter in accordance with the Federal Rules of Civil Procedure to assert statutory or equitable tolling if these doctrines apply to his case.

### CONCLUSION

For the foregoing reasons, Plaintiff's claims against defendant Stukes (and, liberally construing the complaint, Gallagher) will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  All other defendants and claims will be dismissed, with prejudice.  The Court will issue an appropriate order.

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

---

(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

7